## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | |
|---|---|
| **EDDIE STEPHEN COLE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | )     **NO:** |
| **v.** | ) |
| | ) |
| **STATE FARM FIRE AND CASUALTY** | ) |
| **COMPANY** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## NOTICE OF REMOVAL

Defendant, State Farm Fire and Casualty Company ("State Farm"), pursuant to 28 U.S.C. §§ 1441 and 1446, hereby gives notice that it is removing this civil action from the Circuit Court for Wilson County, Tennessee to the United States District Court for the Middle District of Tennessee at Nashville.

1.    On December 16, 2013, Plaintiff Eddie Stephen Cole, commenced this civil action against Defendant State Farm in the Circuit Court for Wilson County, Tennessee, Case No. 2013-CV-684.  The Complaint and Summons were served upon State Farm on or about December 19, 2013.  Attached hereto is as **Exhibit A** is a copy of the entire contents of the state court file, including the complaint and summons.  The service of summons and Complaint is the first notice State Farm received regarding the commencement of this action.

2.    Upon information and belief, Plaintiff is a Tennessee resident.  He further alleges damages for property damage, including repair and as the result of an alleged sinkhole-related loss to property located at 1716 Cook Drive, Lebanon, Tennessee 37087. Plaintiff further alleges that State Farm acted in bad faith and requests recovery of bad faith damages.

3.      Upon information and belief, the damages alleged by Plaintiff exceed $75,000, along with Plaintiff's alleged statutory bad faith penalty of 25%.

4.      State Farm is a corporation organized and existing under the laws of Illinois with its principal place of business in the State of Illinois.

5.      This Court has jurisdiction over the claims in the Complaint pursuant to 28 U.S.C. 1332 (diversity) because there is complete diversity between the Plaintiff and the Defendant.

6.      This notice of removal is being filed within thirty days of December 19, 2013, the date on which the summons and Complaint were first served on State Farm.  Thus, this notice of removal is filed within thirty days after State Farm first received a copy of the initial pleading setting forth the claims for relief.

7.      Pursuant to 28 U.S.C. § 1446(d), defendant will promptly give notice of this notice of removal to the Clerk of Wilson County Circuit Court and to counsel for Plaintiff in the state court proceeding.  The giving of such notice will effect this removal pursuant to 28 U.S.C. § 1446(b).  A copy of the state court notice is attached as **Exhibit B**.

8.      By removing this action, State Farm does not waive any defenses available to it in federal or state court and expressly reserves the right to assert all such defenses in its responsive pleading.

WHEREFORE, State Farm requests that further proceedings of the Wilson County Circuit Court be discontinued and that this action be removed in its entirety to the United States District Court for the Middle District of Tennessee at Nashville.

Respectfully submitted this 6th day of January, 2014.

**PAINE, TARWATER, and BICKERS, LLP**

/s/ Matthew J. Evans
Matthew J. Evans (BPR #017973)
Katherine S. Goodner (BPR # 030499)
2200 Riverview Tower
900 South Gay Street
Knoxville, TN 37902
(865) 525-0880

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing has been properly served via U.S. Mail, postage prepaid, upon the following:

Thomas W. Thompson
Thompson Trial Group, P.A.
thompson@ttglaw.com
TBN: 25817
4725North Lois Avenue
Tampa, Florida 33614-7046
*Attorney for Plaintiff*

This the 6th day of January, 2014.

/s/ Matthew J. Evans

# EXHIBIT A

# IN THE CIRCUIT COURT FOR WILSON COUNTY, TENNESSEE

EDDIE STEPHEN COLE, )
)
    Plaintiff, )
)
v. )    **JURY DEMAND**
)
STATE FARM FIRE AND CASUALTY )    Case No. 2013 – CV – 684
COMPANY, )
)
    Defendant. )
)

**FILED** 3:45
A.M. DEC 16 2013 P.M.
LINDA NEAL, CIRCUIT COURT CLERK
WILSON COUNTY, TN

## S U M M O N S

**THE STATE OF TENNESSEE**
**TO EACH SHERIFF OF THE STATE:**

    YOU ARE COMMANDED to serve this Summons and a copy of the Complaint or Petition, Request for Admissions, Request for Production and Interrogatories in this action on the Defendant(s)

**STATE FARM FIRE AND CASUALTY COMPANY**
**c/o Secretary of State**
**Department of State**
**Division of Service**
**Suite 1800**
**James K. Polk Building**
**Nashville, Tennessee 37243-0306**

    Each Defendant is required to serve written defenses to the Complaint or Petition on Plaintiff's attorney, whose name and address is

**Thomas W. Thompson, Esquire**
**The Thompson Trial Group, P.A.**
**4725 N. Lois Avenue**
**Tampa, Florida 33614**

within twenty (20) days after service of this Summons upon that Defendant, exclusive of the day of service, and to file the original of the written defenses with the Clerk of the court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

DATED     12-16    , 2013

                  **Clerk of the Court**

            By: _____
                As Deputy Clerk

# IN THE CIRCUIT COURT FOR WILSON COUNTY, TENNESSEE

EDDIE STEPHEN COLE,                )
                                   )
    Plaintiff,                     )
                                   )
v.                                 )    **JURY DEMAND**
                                   )    2013-CV-684
STATE FARM FIRE AND CASUALTY       )    Case No.
COMPANY,                           )
                                   )
    Defendant.                     )
_____)

FILED
A.M. DEC 16 2013 P.M.
LINDA NEAL CIRCUIT COURT CLERK
WILSON COUNTY, TN

## COMPLAINT

Plaintiff, EDDIE STEPHEN COLE, for her Complaint against the Defendant, STATE FARM FIRE AND CASUALTY COMPANY, ("Defendant" or "STATE FARM"), would respectfully show and allege to the Court as follows:

## GENERAL ALLEGATIONS

1.    Plaintiff, EDDIE STEPHEN COLE, owns the property located at 1716 Cook Drive, Lebanon, Tennessee 37087.

2.    Defendant, STATE FARM FIRE AND CASUALTY COMPANY, is a for-profit foreign insurance company authorized to engage in, and does engage in, the sale and delivery of property insurance within the State of Tennessee. The registered agent for service of process of STATE FARM FIRE AND CASUALTY COMPANY is the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Nashville, Tennessee, 37243.

3.    Plaintiff's claim for relief arises from a covered sinkhole loss to his property located at 1716 Cook Drive, Lebanon, Tennessee 37087 ("Property"). Venue is proper pursuant to Tenn. Code. Ann. § 20-4-103.

4.    At all times material hereto, Plaintiff has been the owner of the Property.

1

5.     Plaintiff renewed or procured a policy of homeowner's insurance, policy number 42-03-6884-5 ("Policy"), from Defendant covering the above-referenced property covering the above-referenced property from October 31, 2011 through October 31, 2012. A copy of the certified Policy is attached hereto as Exhibit 1.

6.     In consideration of monies paid by Plaintiff to Defendant, the Policy was issued, insuring the Plaintiff's property against risks, including sinkholes. The insurance policy provided dwelling insurance coverage in addition to other coverages.

7.     Plaintiff has renewed the Policy each and every year and has paid all premiums due thereunder and otherwise met all conditions of coverage thereunder.

8.     On or about October 12, 2012, while the Policy was in full force and effect, the Property was damaged as a result of sinkhole activity.

9.     The damage to Plaintiff's Property is caused by a covered peril under the Policy.

10.    A notice of loss and damages was properly given by Plaintiff to Defendant in accordance with the terms of the Policy.

11.    Defendant sent a professional engineer, FTL, Inc. ("FTL"), to Plaintiff's Property who confirmed that there was damage to the home and that the home was situated in a karst setting where sinkholes are apparent, but stated that was caused by perils excluded under the policy and not by sinkhole activity.

12.    On or about January 31, 2013, Defendant sent a letter to Plaintiff stating that FTL determined that sinkhole activity was not a cause of loss and denied the claim.

13.    On or about November 12, 2013, Plaintiff, through counsel, sent a request that the full amount be paid or that Plaintiff would seek a bad faith penalty for the handling of her claim.

2

14.     Plaintiff has complied fully with all of the provisions of the Policy, but Defendant has declined or refused to make payment to Plaintiff for the loss and damage sustained.

15.     Plaintiff has been required to retain the services of the undersigned counsel and is obligated to pay them reasonable fee for their services.

## BREACH OF CONTRACT

16.     Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 through 15 above as though fully set forth herein.

17.     Defendant has breached the Policy by denying coverage and failing and refusing to pay all benefits due thereunder for the claim of sinkhole activity.

18.     Defendant failed to properly investigate the Property as required under the Policy and by state statute.

19.     Defendant failed to exercise the skill, care and knowledge required of a licensed insurance carrier with respect to the investigation and handling of this claim.

20.     Defendant failed to investigate the Plaintiff's claim in a prompt and thorough manner.

21.     Defendant intentionally ignored requests to reconsider its wrongful denial of insurance coverage for the Plaintiff's claim.

22.     Defendant represented to its insured that exclusionary language contained in the Policy excluded coverage of the claim, when the Defendant knew or should have known that it did not exclude coverage.  Such acts or omissions were committed intentionally, recklessly, and/or negligently.

3

23.     Defendant owes Plaintiff prejudgment interest, expert fees, costs, the costs of all structurally necessary repairs, and, if the home is not repairable within applicable coverage limits, and amount equal to such limits for the total constructive loss.

## VIOLATIONS OF THE TENNESSEE
## CONSUMER PROTECTION ACT

24.     Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 through 23 above as though fully set forth herein.

25.     Defendant has violated the Tennessee Consumer Protection Act of 1977 ("TPCA"), §§ 47-18-101, *et seq.*, by engaging in various unfair, misleading or deceptive acts or practices, including, but not limited to:

(A)     attempting to deceive or misrepresenting or failing to act fairly by not paying Plaintiff for damages, when Defendant represented in its policy it would provide coverage for covered perils, in violation of Tenn. Code Ann. §§ 47-18-104(a), (b)(5) and (b)(27); and,

(B)     failing to comply with Tenn. Code Ann. §§ 56-7-130 when Defendant had an obligation to comply with Tenn. Code Ann. §§ 56-7-130 in violation of Tenn. Code Ann. §§ 47-18-104(a), and (b)(27).

26.     The Defendant's acts and/or omissions in violation of the TCPA were made willfully and knowingly, thereby entitling Plaintiff to treble damages and attorney fees pursuant to Tenn. Code Ann. § 47-18-109.

## FRAUD AND MISREPRESENTATION

27.     Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 through 26 above as though fully set forth herein.

28.     Defendant committed fraud by intentionally or recklessly misrepresenting to the insured Plaintiff that the reason for denial was because of a misrepresentation of the meaning of terms within the sinkhole endorsement.  Such misrepresentation was committed knowingly and

4

recklessly for the purpose of taking undue advantage of the insured and was justifiably relied on by the insured, who accepted the representation as true.

## UNFAIR CLAIMS PRACTICES

29.     Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 through 28 above as though fully set forth herein.

30.     Defendant committed unfair claims practices in violation of Tenn. Code Ann. §§ 56-8-101 through 56-8-111, including, but not limited to:

(A)     Failing to make a good faith attempt to effect prompt, fair, and equitable payment of Plaintiff's claim, in violation of Tenn. Code Ann. § 56-8-105;

(B)     Refusing to pay Plaintiff's claim without conducting a reasonable investigation in violation of Tenn. Code Ann. § 56-8-105; and,

(C)     Knowingly misrepresenting relevant policy provisions relating to coverages at issue in violation of Tenn. Code Ann. § 56-8-105.

31.     The Defendant's acts and/or omissions regarding this claim were made willfully or knowingly and supports Plaintiff's claim for Breach of Contract, violations of the TCPA, and bad faith.

## NEGLIGENCE *PER SE*

32.     Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 through 31 above as though fully set forth herein.

33.     Defendant failed to follow the minimum standards for investigating a sinkhole claim as set forth in Tenn. Code Ann. § 56-7-130 (d), including but not limited to the following respects:

(A)     Defendant denied after receiving a report confirming sinkhole activity Tenn. Code Ann. § 56-7-130 (d)(2);

(B)     Defendant ignored a written certification stating that the cause of the claim was sinkhole activity; and,

5

(C)     After additional requests by the Plaintiff, Defendant still failed to conduct analysis of sufficient scope to eliminate sinkhole activity as the cause of the damage as required under Tenn. Code Ann. § 56-7-130-(d)(2).

34.     As a result of Defendant's failure to perform its statutory duty, Plaintiff has been injured. Plaintiff was within the protection of the Tenn. Code Ann. § 56-7-130 and § 47-18-101, et seq. and were intended to benefit from these laws.

## BAD FAITH

35.     Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 through 34 above as though fully set forth herein.

36.     Defendant's failure and refusal to pay is not in good faith, and such failure to pay has inflicted expense, loss, and injury upon Plaintiff. Accordingly, Plaintiff is entitled to recover, in addition to the amount of the insured loss and interest thereon, an amount equal to twenty-five percent (25%) of the liability for the loss, pursuant to Tenn. Code Ann. § 56-7-105.

37.     The acts and/or omissions of Defendant constitute bad faith with respect to the exercise of its duties and obligations to the Plaintiff, including, but not limited to:

(A)     Defendant failed to exercise the skill, care and knowledge required of a licensed insurance carrier with respect to the investigation and handling of insurance claims;

(B)     Defendant failed to investigate the Plaintiff's claims in a prompt and thorough manner; and,

(C)     Defendant intentionally ignored requests to pay the claim of insurance policy coverage for the Plaintiff's claims.

38.     Defendant has exhibited a pattern of conduct with regard to its claims handling practices, which has resulted in repeated misconduct amounting to intentional or reckless bad faith toward its insureds. A history of court determinations and complaints of bad faith conduct on the part of Defendant has put Defendant on notice that its claims handling practices have resulted in repeated incidents of bad faith. In spite of such notice, Defendant has intentionally or

6

recklessly or carelessly failed to correct its corporate policies or otherwise train its personnel in such a manner as to reduce or eliminate this misconduct.

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment against Defendant for (i) actual damages; (ii) costs, including expert fees; (iii) reasonable attorneys' fees; (iv) all general and special damages, including but not limited to the full cost of repair or replacement of Plaintiff's home; (v) pre-judgment interest; (vi) treble damages; and (vii) any other relief as the Court deems just and appropriate. Plaintiff prays for all relief and damages to which he is entitled under the common law, and the Tennessee Consumer Protection Act, including compensatory damages, treble damages, attorney fees, and costs.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury of twelve (12) persons to try all issues so triable in this matter and such further and general relief to which he may be entitled.

Respectfully submitted,

By: _____

**Thompson Trial Group, P.A.**
thompson@ttglaw.com
TBN: 25817
4725 North Lois Avenue
Tampa, Florida 33614-7046
Telephone: (813) 254-1800
Facsimile: (813) 254-1844
Attorney for Plaintiff

7



## Certified Policy Record

I, the undersigned, do hereby confirm that I am custodian of the records pertaining to the issuance of policies by State Farm Fire and Casualty Company.

I certify that the attached documents represent a true and accurate record of the terms and conditions of Policy Number 42-83-6884-5 including any endorsements and/or inserts, if applicable, for the policy term(s) 10/31/2011 to 10/31/2012 and insuring Cole, Eddie Stephen of 1716 Cook Dr, Lebanon TN 37087-3010 based on available records.

The following endorsements and/or inserts are included:
FP-7955 KT
FE-7242 4
FE-7301 4
FE-5320
FE-5398
FE-5452
FE-5631
FE-5480
FE-3201
FE-5706 1
FE-5801
Option JF
Option ID
Option OL
Option FA

FILED

A.M. DEC 1 6 2013 P.M.

LINDA NEAL, CIRCUIT COURT CLERK
WILSON COUNTY, TN

The policy was in effect on the loss date of 10/12/2012.

Kristie Harris
Underwriting Support Svcs Supv

State of Tennessee
County of Rutherford

Subscribed and sworn to before me this ____23____ day of ___May___ , 20 _13_

Notary Public

My Commission Expires: _March 22, 2016_

1004518

**EXHIBIT**
**1**

# AMENDATORY ENDORSEMENT
## (Tennessee)

### SECTION I - LOSSES INSURED

We insure for accidental direct physical loss to property described in Coverages A and B caused by sinkhole collapse, meaning sudden settlement or collapse of the earth resulting from subterranean voids created by the action of water on limestone or similar rock formations. We do not insure against loss caused by abandonment of the property covered.

### SECTION I - LOSSES NOT INSURED

The reference to 'sinkhole' is deleted from Earth Movement.

### SECTION I AND SECTION II - CONDITIONS

Right to Inspect is added:

Right to Inspect. We have the right but are not obligated to make inspections and surveys at any time, give you reports on conditions we find and recommend changes. Any inspections, surveys, reports or recommendations relate only to insurability and the premiums to be charged.

We do not:

a. make safety inspections;

b. undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public;

c. warrant that conditions are safe or healthful; or

d. warrant that conditions comply with laws, regulations, codes or standards.

This condition applies not only to us but also to any rating, advisory, rate service or similar organization which makes insurance inspections, surveys, reports or recommendations.

Joint and Individual Interests is added:

Joint and Individual Interests. When there are two or more named insureds, each acts for all to cancel or change the policy.

All other policy provisions apply.

FE-7242 4
1/97

# EARTHQUAKE AND VOLCANIC EXPLOSION ENDORSEMENT

1. SECTION I - LOSSES NOT INSURED references to earthquake and volcanic explosion are deleted. Such insurance as is afforded by Section I of the policy is extended to insure for accidental direct physical loss caused by earthquake or volcanic explosion.

2. We do not insure under this endorsement for loss caused by or resulting from any earthquake or volcanic explosion that begins before the inception of this endorsement.

   But if this endorsement replaces earthquake insurance that excludes loss that occurs after the expiration of the policy, we will pay for loss or damage by earthquake, or volcanic explosion that occurs on or after the inception of this endorsement if the series of earthquake shocks or volcanic explosions began within 72 hours prior to the inception of this insurance.

3. All earthquake shocks or volcanic explosions that occur within any 72-hour period will constitute a single loss. The expiration of this policy will not reduce the 72-hour period.

4. Deductible: The deductible for loss caused by earthquake or volcanic explosion is the amount determined by applying the deductible percentage (%) shown in the Declarations, separately to each of the following:

   a. the total COVERAGE A - DWELLING limit shown in the Declarations,

   b. the total DWELLING EXTENSION limit shown in the Declarations, and

   c. the total COVERAGE B - PERSONAL PROPERTY limit shown in the Declarations.

   We will pay only that portion of the loss which exceeds the separate deductibles calculated above. The minimum deductible for each occurrence is $250.

All other policy provisions apply.

FE-7301 4
(7/09)

# POLICY ENDORSEMENT

## SECTION I AND SECTION II - CONDITIONS

The following condition is added:

**Premium.** The premium for this policy may vary based upon the purchase of other insurance from one of the State Farm affiliated companies.

All other policy provisions apply.

FE-5320
(4/99)

# FUNGUS (INCLUDING MOLD) EXCLUSION ENDORSEMENT

## DEFINITIONS

The following definition is added:

"fungus" means any type or form of fungus, including mold, mildew, mycotoxins, spores, scents or byproducts produced or released by fungi.

## SECTION I - LOSSES INSURED

Item 12.d. is replaced with the following:

d. caused by or resulting from continuous or repeated seepage or leakage of water or steam which occurs over a period of time and results in deterioration, corrosion, rust, or wet or dry rot.

Item 13.b. is replaced with the following:

b. caused by or resulting from continuous or repeated seepage or leakage of water or steam which occurs over a period of time and results in deterioration, corrosion, rust, or wet or dry rot.

## SECTION I - LOSSES NOT INSURED

Item 1.i. is replaced with the following:

i. wet or dry rot;

In item 2., the following is added as item g.:

g. Fungus. We also do not cover:

(1) any loss of use or delay in rebuilding, repairing or replacing covered property, including any associated cost or expense, due to interference at the residence premises or location of the rebuilding, repair or replacement, by fungus;

(2) any remediation of fungus, including the cost to:

(a) remove the fungus from covered property or to repair, restore or replace that property; or

(b) tear out and replace any part of the building or other property as needed to gain access to the fungus; or

(3) the cost of any testing or monitoring of air or property to confirm the type, absence, presence or level of fungus, whether performed prior to, during or after removal, repair, restoration or replacement of covered property.

All other policy provisions apply.

# MOTOR VEHICLE ENDORSEMENT

## DEFINITIONS

The definition of "motor vehicle" is replaced by the following:

"motor vehicle", when used in Section II of this policy, means:

a. a land motor vehicle designed for travel on public roads or subject to motor vehicle registration;

b. a trailer or semi-trailer designed for travel on public roads and subject to motor vehicle registration;

c. a "recreational vehicle" while off an insured location. "Recreational vehicle", means a motorized vehicle designed for recreation principally off public roads that is owned or leased by an insured. This includes but is not limited to, a motorized all terrain vehicle, amphibious vehicle, dune buggy, go-cart, golf cart, snowmobile, trailbike, minibike and personal assistive mobility device;

d. a "locomotive" while off an insured location. "Locomotive" means a self-propelled vehicle for pulling or pushing freight or passenger cars on tracks that is large enough to carry a person and is owned or leased by an insured;

e. a bulldozer, track loader, backhoe, high-hoe, trencher, grader, crane, self-propelled scraper, excavator, pipe-layer, cherry picker, telehandler, logging vehicle, mining vehicle or road building vehicle that is owned or leased by an insured while off an insured location;

f. any vehicle while being towed or pushed by or carried on a vehicle included in a., b., c., d. or e.;

g. the following are not motor vehicles:

(1) a motorized land vehicle in dead storage on an insured location;

(2) a boat, camp, home or utility trailer not being towed or pushed by or carried on a vehicle included in a., b., c., d. or e.;

(3) a motorized golf cart while used for golfing purposes;

(4) a motorized vehicle or trailer designed to assist the handicapped that is not designed for travel on public roads or subject to motor vehicle registration;

h. "leased" does not include temporary rental.

All other policy provisions apply.

# TELECOMMUTER COVERAGE

## SECTION I – COVERAGES
## COVERAGE A – DWELLING

The following replaces item 2 b.:

    b   used in whole or in part for business purposes unless such use consists solely of use of office space for paperwork, computer work or use of a telephone, and consists solely of activities that are

        (1)  duties of the insured's employment by another; and

        (2)  performed solely by the insured

FE-5831

# AMENDATORY DEBRIS REMOVAL ENDORSEMENT

**SECTION I - ADDITIONAL COVERAGES**

Item 1. Debris Removal is replaced with the following:

Debris Removal. We will pay the reasonable expenses you incur in the removal of debris of covered property damaged by a Loss Insured. This expense is included in the limit applying to the damaged property. The following coverages and limits also apply:

    a. When the amount payable for the property damage plus the debris removal exceeds the limit for damaged property, an additional 5% of that limit is available for debris removal expense. This additional amount of insurance does not apply to Additional Coverage, Item 3, Trees, Shrubs and Other Plants.

    b. We will also pay up to $500 in the aggregate for each loss to cover the reasonable expenses you incur in the removal of tree debris from the residence premises, unless otherwise excluded. This coverage applies when:

        (1) the tree has caused a Loss Insured to Coverage A property; or

        (2) the tree debris felled by windstorm, hail or weight of snow or ice blocks:

            (a) the driveway on the residence premises, and prevents land motor vehicle access to or from the dwelling; or

            (b) a ramp designed to assist the handicapped, on the residence premises and prevents access to or from the dwelling.

FE-1450

# IDENTITY RESTORATION COVERAGE ENDORSEMENT
## IDENTITY RESTORATION CASE MANAGEMENT SERVICE AND EXPENSE REIMBURSEMENT

## DEFINITIONS

The following new or revised definitions apply only to this endorsement:

1. **insured**, when used in this endorsement means **you** and if residents of **your** household

   a. **your** relatives; and

   b. any other person under the age of 21 who is in the care of a person described above.

2. **identity fraud** means the fraudulent use of an **insured's** identifying information to

   a. commit crimes;

   b. unlawfully establish credit accounts;

   c. secure loans; or

   d. enter into contracts.

   **Identity fraud** does not include the fraudulent use of a business name or any other method of identifying a business activity.

3. **identity fraud expenses** means the following reasonable and necessary costs incurred as a direct result of an **identity fraud**:

   a. costs for re-filing applications for loans, grants or other credit instruments;

   b. costs for notarizing affidavits or other similar documents, long distance telephone calls and postage;

   c. costs for credit reports from established credit bureaus;

   d. fees and expenses for an attorney approved by us for the following:

      (1) the defense of any civil suit brought against an **insured**;

      (2) the removal of any civil judgment wrongfully entered against an **insured**;

      (3) legal assistance for an **insured** at an audit or hearing by a governmental agency;

      (4) legal assistance in challenging the accuracy of the **insured's** consumer credit report;

      (5) the defense of any criminal charges brought against an **insured** arising from the actions of a third party using the personal identity of the **insured**.

   e. actual lost wages of the **insured** for time reasonably and necessarily taken away from work and away from the work premises. Time away from work includes partial or whole work days. Actual lost wages may include payment for vacation days, discretionary days, floating holidays and paid personal days. Actual lost wages do not include time lost for illness or any loss arising from time taken away from self employment. Necessary time off does not include time off to do tasks that could reasonably have been done during non-work hours;

   f. actual costs for supervision of children or elderly or infirm relatives of the **insured** during time reasonably and necessarily taken away from such supervision. Such care must be provided by a professional care provider who is not a relative of the **insured**; and

   g. reasonable and necessary costs incurred by an **insured** as a direct result of the **identity fraud**. Such costs include:

      (1) costs by the **insured** to recover control over his or her personal identity; and

      (2) deductibles or service fees from financial institutions.

      Such costs do not include:

      (1) costs to avoid, prevent or detect **identity fraud** or other loss;

      (2) monies lost or stolen;

      (3) balances resulting from the unauthorized use of a credit card, credit account or bank account; or

      (4) costs that are restricted or excluded elsewhere in this endorsement or policy.

4. **identity restoration case manager** means a person assigned by us to help an **insured** to counteract the effects of **identity fraud**. This help may include, with the permission and cooperation of the **insured**, contacting authorities, credit bureaus, creditors and businesses.

CONTINUED

## IDENTITY RESTORATION COVERAGE

If the insured has been a victim of identity fraud covered by this endorsement, the following coverages are provided

### Case Management Service

Services of an identity restoration case manager as needed to respond to the identity fraud

### Expense Reimbursement

Reimbursement of necessary and reasonable identity fraud expenses incurred as a direct result of the identity fraud

These coverages only apply if the identity fraud is

1  first discovered by any insured while this endorsement is in force, and

2  reported to us within 60 days after it is first discovered by any insured.

## LIMITS

Case management service is available as needed for any one identity fraud for up to 12 months from the initial assignment of an identity restoration case manager. Expenses we incur to provide case management service do not reduce the limit available for expense reimbursement coverage.

Expense reimbursement coverage is subject to a limit of $25,000 annual aggregate per insured. This limit is the most we will pay for the total of all loss or expense arising out of all identity frauds to any one insured which are first discovered by any insured during the current policy period. This limit applies regardless of the number of claims during that period.

An identity fraud may be first discovered by any insured in one policy period and continue into other policy periods. If so, all loss and expense arising from the identity fraud will be subject to the annual aggregate limit which applies to the policy period when the identity fraud was first discovered by any insured

Identity fraud expenses are part of and not in addition to, payment under the expense reimbursement coverage limit.

Identity fraud expenses are limited to costs incurred within 12 months of the first discovery of the identity fraud by any insured

Items 3.e. and 3.f. of the definition of identity fraud expenses are jointly subject to a limit of $5,000. This limit is part of, and not in addition to, payment under the expense reimbursement coverage limit.

Item 3.g. of the definition of identity fraud expenses is subject to a limit of $1,000. This limit is part of, and not in addition to, payment under the expense reimbursement coverage limit.

The coverage provided by this endorsement is in addition to any other coverage which applies in this policy.

## DEDUCTIBLE

Case management service and expense reimbursement are not subject to a deductible

## EXCLUSIONS

We do not cover loss or expense arising from any of the following.

1  identity fraud against or incurred by a professional or business entity.

2  any fraudulent, dishonest or criminal act by the insured. This includes

a.  any act by a person aiding or abetting the insured, or

b.  any act by an authorized representative of the insured

whether or not the person is acting alone or in collusion with others. However, this exclusion will not apply to the interests of an insured who has no knowledge of or involvement in such fraud, dishonesty or criminal act

3  loss other than identity fraud expenses

4  liability or account balances which arise out of fraudulent charges

CONTINUED

5. an **identity fraud** that is not reported in writing to the police. You may make a claim under this coverage prior to making such a report and we may refer the **insured** to **case management service** if all other coverage requirements are met. However, we will not pay any **expense reimbursement** until the **identity fraud** has been reported in writing to the police and we reserve our right to terminate the **case management service** if the **insured** does not make such a written report to the police within a reasonable period of time.

6. war, including any undeclared war, civil war, insurrection, rebellion, revolution, warlike act by a military force or military personnel, destruction or seizure or use for a military purpose and including any consequence of any of these. Discharge of a nuclear weapon shall be deemed a warlike act even if accidental.

7. nuclear hazard, meaning any nuclear reaction, radiation, or radioactive contamination all whether controlled or uncontrolled or however caused, or any consequence of these. Loss caused by the nuclear hazard shall not be considered loss caused by fire, explosion or smoke.

## CONDITIONS

The following Conditions apply to this coverage.

### Assistance and Claims

In some cases, we may provide **case management service** at our expense to an **insured** prior to a determination that a covered **identity fraud** has occurred. Our provision of services is not an admission of liability under this endorsement. We reserve the right to

deny further coverage or service if, after investigation, we determine that a covered **identity fraud** has not occurred.

For **expense reimbursement** coverage, you must send to us receipts, bills or other records that support your claim for **identity fraud expenses**. These must be sent to us within 60 days after our request.

### Cooperation and Permission

As respects any services provided by us or our designees to any **insured** under this endorsement, that **insured** must provide cooperation, permission and assistance.

### No Warranty

There is no warranty that any services will

1. end or solve all problems associated with an **identity fraud**; or

2. prevent future **identity frauds**.

All services may not be applicable or available for us or our designees to provide.

### Other Insurance or Benefits

The insurance provided by this endorsement is excess over any other valid and collectible insurance or non-insurance benefit available to you from any source for the same **identity fraud** covered by this endorsement.

### APPLICABLE POLICY PROVISIONS

The following policy provisions apply to this coverage except as modified by endorsement:

DECLARATIONS;

SECTION I – CONDITIONS;

SECTION I AND SECTION II – CONDITIONS

Case 3:14-cv-00023   Document 1   Filed 01/08/14   Page 24 of 29 PageID #: 24

# BACK-UP OF SEWER OR DRAIN ENDORSEMENT
## ($10,000 Limit)

### SECTION I - LOSSES INSURED

We cover accidental direct physical loss to the dwelling used normally as a private residence on the **residence premises** shown in the **Declarations** and only the following personal property, while located in the dwelling:

    1. clothes washers and dryers;

    2. food freezers and the food in them;

    3. refrigerators;

    4. ranges;

    5. portable dishwashers; and

    6. dehumidifiers;

caused by or resulting from water or sewage from outside the **residence premises** plumbing system that enters through sewers or drains, or water which enters into and overflows from within a sump pump, sump pump well or any other system designed to remove subsurface water which is drained from the foundation area.

There is no coverage for other personal property.

This coverage does not apply if the loss is caused by your negligence.

Item c. of **Sudden and accidental discharge or overflow of water or steam**, shown below, is deleted:

    c. caused by or resulting from water or sewage from outside the **residence premises** plumbing system that enters through sewers or drains, or water which enters into and overflows from within a sump pump, sump pump well or any other system designed to remove subsurface water which is drained from the foundation area; or

### SECTION I - LOSSES NOT INSURED

Item (2) of **Water Damage**, shown below, is deleted:

    (2) water or sewage from outside the **residence premises** plumbing system that enters through sewers or drains, or water which enters into and overflows from within a sump pump, sump pump well or any other system designed to remove subsurface water which is drained from the foundation area; or

**Limit of Liability** - The limit for this coverage shall not exceed $10,000 in any one occurrence.

**Deductible** - The deductible amount shown in the **Declarations** under - DEDUCTIBLES - SECTION I, but in no event less than $1,000, will be deducted from each back-up of sewer or drain loss covered by this endorsement.

**Other Insurance** - If a loss covered by this endorsement is also covered by flood insurance, we will pay only for the amount of covered loss in excess of the amount due from that insurance.

All other policy provisions apply.

Case 3:14-cv-00023   Document 1   Filed 01/08/14   Page 25 of 29 PageID #: 25

 **FE-5801 MANDATORY REPORTING ENDORSEMENT**

The following CONDITION is added:

**Duties of an Injured Person - Coverage M – Mandatory Reporting.** The injured person or, when appropriate, someone acting on behalf of that person, shall:

a. provide us with any required authorizations; and

b. submit to us all information we need to comply with state or federal law.

FE-5801

©, Copyright, State Farm Mutual Automobile Insurance Company, 2009

# EXHIBIT B

# IN THE CIRCUIT COURT FOR WILSON COUNTY, TENNESSEE

|  |  |  |
|---|---|---|
| EDDIE STEPHEN COLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO: 2013-CV-684 |
| v. | ) | |
| | ) | |
| STATE FARM FIRE AND CASUALTY | ) | |
| COMPANY | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NOTICE TO CLERK AND COURT

TO:    Linda Neal, Circuit Court Clerk
134 S. College Street
Room 100
Lebanon, TN 37087

Thomas W. Thompson
Thompson Trial Group, P.A.
4725 North Lois Avenue
Tampa, Florida 33614-7046

**PLEASE TAKE NOTICE** that on January 6, 2014, Defendant State Farm Fire and

Casualty Company filed a Notice of Removal of this civil action in the United States District

Court for the Middle District of Tennessee at Nashville, pursuant to 28 U.S.C. §§ 1441 and 1446.

A copy of the Notice of Removal is attached as **Exhibit 1**. The filing of this notice effects the

removal of this action.

Respectfully submitted this ___ day of January___, 2014.

PAINE, TARWATER, and BICKERS, LLP

_____
Matthew J. Evans (BPR #017973)
Katherine S. Goodner (BPR # 030499)
2200 Riverview Tower
900 South Gay Street
Knoxville, TN 37902
(865) 525-0880

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing has been properly served via U.S. Mail, postage prepaid, upon the following:

> Thomas W. Thompson
> Thompson Trial Group, P.A.
> 4725 North Lois Avenue
> Tampa, Florida 33614-7046
> *Counsel for Plaintiff*

This the ___ day of January___ 2014.

_____