IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| EDDIE STEPHEN COLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-00023 |
| ) | |
| STATE FARM FIRE AND CASUALTY ) | Magistrate Judge Brown |
| COMPANY, ) | |
| ) | Jury Demand |
| Defendant. ) | |
| ) | |

## AMENDED COMPLAINT

Plaintiff, EDDIE STEPHEN COLE, for the Amended Complaint against the Defendant, STATE FARM FIRE AND CASUALTY COMPANY, ("Defendant" or "STATE FARM"), would respectfully show and allege to the Court as follows:

## GENERAL ALLEGATIONS

1. Plaintiff, EDDIE STEPHEN COLE, owns the property located at 1716 Cook Drive, Lebanon, Tennessee 37087.

2. Defendant, STATE FARM FIRE AND CASUALTY COMPANY, is a for-profit foreign insurance company authorized to engage in, and does engage in, the sale and delivery of property insurance within the State of Tennessee. The registered agent for service of process of STATE FARM FIRE AND CASUALTY COMPANY is the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Nashville, Tennessee, 37243.

3. Plaintiff's claim for relief arises from a covered sinkhole loss to his property located at 1716 Cook Drive, Lebanon, Tennessee 37087 ("Property"). Venue is proper pursuant to Tenn. Code. Ann. § 20-4-103.

1

4. At all times material hereto, Plaintiff has been the owner of the Property.

5. Plaintiff renewed or procured a policy of homeowner's insurance, policy number 42-03-6884-5 ("Policy"), from Defendant covering the above-referenced property covering the above-referenced property from October 31, 2011 through October 31, 2012. A copy of the certified Policy is attached hereto as <u>Exhibit 1</u>.

6. In consideration of monies paid by Plaintiff to Defendant, the Policy was issued, insuring the Plaintiff's property against risks, including sinkholes. The insurance policy provided dwelling insurance coverage in addition to other coverages.

7. Plaintiff has renewed the Policy each and every year and has paid all premiums due thereunder and otherwise met all conditions of coverage thereunder.

8. On or about October 12, 2012, while the Policy was in full force and effect, the Property was damaged as a result of sinkhole activity.

9. The damage to Plaintiff's Property is caused by a covered peril under the Policy.

10. A notice of loss and damages was properly given by Plaintiff to Defendant in accordance with the terms of the Policy.

11. Defendant sent a professional engineer, TTL, Inc. ("TTL"), to Plaintiff's Property who confirmed that there was damage to the home and that the home was situated in a karst setting where sinkholes are apparent, but stated that was caused by perils excluded under the policy and not by sinkhole activity.

12. On or about January 31, 2013, Defendant sent a letter to Plaintiff stating that TTL determined that sinkhole activity was not a cause of loss and denied the claim.

13. On or about November 12, 2013, Plaintiff, through counsel, sent a request that the full amount be paid or that Plaintiff would seek a bad faith penalty for the handling of her claim.

14. Plaintiff has complied fully with all of the provisions of the Policy, but Defendant has declined or refused to make payment to Plaintiff for the loss and damage sustained.

15. Plaintiff has been required to retain the services of the undersigned counsel and is obligated to pay them reasonable fee for their services.

## BREACH OF CONTRACT

16. Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 through 15 above as though fully set forth herein.

17. Defendant has breached the Policy by denying coverage and failing and refusing to pay all benefits due thereunder for the claim of sinkhole activity.

18. Defendant failed to properly investigate the Property as required under the Policy and by state statute.

19. Defendant failed to exercise the skill, care and knowledge required of a licensed insurance carrier with respect to the investigation and handling of this claim.

20. Defendant failed to investigate the Plaintiff's claim in a prompt and thorough manner.

21. Defendant intentionally ignored requests to reconsider its wrongful denial of insurance coverage for the Plaintiff's claim.

22. Defendant represented to its insured that exclusionary language contained in the Policy excluded coverage of the claim, when the Defendant knew or should have known that it did not exclude coverage. Such acts or omissions were committed intentionally, recklessly, and/or negligently.

23. Defendant owes Plaintiff prejudgment interest, expert fees, costs, the costs of all structurally necessary repairs, and, if the home is not repairable within applicable coverage limits, and amount equal to such limits for the total constructive loss.

## BAD FAITH

24. Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 through 31 above as though fully set forth herein.

25. Defendant's failure and refusal to pay is not in good faith, and such failure to pay has inflicted expense, loss, and injury upon Plaintiff. Accordingly, Plaintiff is entitled to recover, in addition to the amount of the insured loss and interest thereon, an amount equal to twenty-five percent (25%) of the liability for the loss, pursuant to Tenn. Code Ann. § 56-7-105.

26. The acts and/or omissions of Defendant constitute bad faith with respect to the exercise of its duties and obligations to the Plaintiff, including, but not limited to:

(A) Defendant failed to exercise the skill, care and knowledge required of a licensed insurance carrier with respect to the investigation and handling of insurance claims;

(B) Defendant failed to investigate the Plaintiff's claims in a prompt and thorough manner; and,

(C) Defendant intentionally ignored requests to pay the claim of insurance policy coverage for the Plaintiff's claims.

27. Defendant has exhibited a pattern of conduct with regard to its claims handling practices, which has resulted in repeated misconduct amounting to intentional or reckless bad faith toward its insureds. A history of court determinations and complaints of bad faith conduct on the part of Defendant has put Defendant on notice that its claims handling practices have resulted in repeated incidents of bad faith. In spite of such notice, Defendant has intentionally or recklessly or carelessly failed to correct its corporate policies or otherwise train its personnel in such a manner as to reduce or eliminate this misconduct.

4

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment against Defendant for (i) actual damages; (ii) costs, including expert fees; (iii) reasonable attorneys' fees; (iv) all general and special damages, including but not limited to the full cost of repair or replacement of Plaintiff's home; (v) pre-judgment interest; (vi) treble damages; and (vii) any other relief as the Court deems just and appropriate. Plaintiff prays for all relief and damages to which he is entitled under the common law, including compensatory damages, treble damages, attorney fees, and costs.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury of twelve (12) persons to try all issues so triable in this matter and such further and general relief to which he may be entitled.

Respectfully submitted,

/s/ Thomas W. Thompson
Thomas W. Thompson (BPR 25817)
Thompson Trial Group, P.A.
4725 N. Lois Avenue
Tampa, Florida 33614
Telephone: 813-254-1800
Facsimile: 813-254-1844
Email: thompson@ttglaw.com

And

Robert D. MacPherson (BPR 022516)
MacPherson & Youmans
119 Public Square
Lebanon, Tennessee 37087
Telephone: (615) 444-2300
Fax: (615) 444-3396

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2014 a true and accurate copy of the foregoing document was filed electronically with the Clerk's office by using the CM/ECF system and served on counsel reflected below through this Court's electronic filing system.

Matthew J. Evans
mje@painetar.com
Katherine S. Goodner
ksg@painetar.com
Paine, Tarwater & Bickers, LLP
2200 Riverview Tower
900 South Gay Street
Knoxville, TN 37902

/s/ Thomas W. Thompson_____